SO ORDERED: December 09, 2004.

_____
**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VICTORIA LYNN COOK, | ) | Case No. 04-90852-BHL-7 |
| | ) | |
| Debtor. | ) | |

**JUDGMENT**

This matter comes before the Court on the **Trustee's Objection to Exemptions**, filed July 30, 2004. The matter was set and a hearing was held on November 29, 2004.

On March 16, 2004, the Debtor and her husband, Gary Lee Cook, filed a joint petition under chapter 13 of the Bankruptcy Code. Subsequently, Mr. Cook died. Shortly thereafter, Mrs. Cook converted the case to one under chapter 7 of the Bankruptcy Code and Mr. Cook was dismissed as a party in the case. As a further consequence of Mr. Cook's death, Mrs. Cook, the sole beneficiary of Mr. Cook's two life insurance policies, received the death benefits from those policies in the aggregate amount of $195,000.00. The chapter 7 Trustee objected to the Debtor's claimed exemption of those benefits.

Through the testimony and evidence offered at the hearing, the Court finds that the following facts obtain:

1. Mrs. Cook has an income of approximately $1,200.00 per month derived from wages from a part-time job and unemployment insurance benefits.

2. Mrs. Cook incurs expenses of approximately $1,300.00 per month.

3. Mrs. Cook is not currently eligible to receive Social Security survivor benefits.

5. Mrs. Cook owns no pension or retirement accounts.

4. Two mortgages in the amounts of approximately $68,000.00 and $22,000.00 encumber Mrs. Cook's home.

5. From the $195,000.00 of benefits under the life insurance policies, this Court earlier authorized Mrs. Cook to use $35,000.00 for her continued maintenance.

6. The balance of those benefits, $160,000.00, is being held in an account segregated from the Debtor's other funds.

Indiana Code section 27-1-12-14(e) provides that life insurance policies naming the insured's spouse as the beneficiary are "free and clear from all claims of the creditors of such insured person or the person's spouse." Construing that statute (in a case that originated in this Court) the Indiana Supreme Court found that, while the exemption effected by the language of the statute is constitutionally suspect on its face because it does not describe an upper limit to the allowable amount of the exemption, the statute is not unconstitutional when considered as applied to a debtor who claims that the life insurance exemption is necessary to provide her with the "necessities of life." *Citizens National Bank of Evansville v. Foster*, 668 N.E.2d 1236, 1242 (Ind.1996). At the November 29th hearing, both the Debtor and the Trustee relied on another case from this district, *In*

*re Cheryl Harmon Bannourah*, 201 B.R. 954 (Bkrtcy.S.D.Ind. 1996), for the restatement of the rule established in *Foster*: "a debtor claiming the life insurance exemption must prove 'that the exemption is required to afford the necessities of life.'" *Id*. at 955 (quoting *Foster*, 668 N.E.2d at 1242).[1]

D. Rick Colglazier, a chartered financial consultant, calculated the Debtor's projected expenditures for the necessities of life, as well as her projected net income over the next twenty years. Those projections and a comparison of those amounts reveals a deficiency over that period of time of $98,246.00.

Mrs. Cook received a lump sum payment by virtue of the death benefit provisions in the life insurance policies purchased by her husband. That those payments were substantial and were made in a lump sum may create the appearance, especially when the beneficiary is in bankruptcy, of an unfair windfall. The purpose of a death benefit provision in a life insurance policy, however, is to replace the stream of income that the insured would have earned over the remainder of his lifetime, and upon which the insured's spouse would have relied, had he not died. Under Indiana's exemption laws as described above, a debtor-beneficiary is permitted to place such funds beyond the reach of creditors so that the insured's intention to provide for the beneficiary's ongoing necessities of life may be fulfilled. These circumstances are very different from a *Foster* scenario in which a debtor transfers a large amount of cash into an insurance policy in an attempt to shield those assets from

---

[1] Rule 4003(c) of the Federal Rules of Bankruptcy Procedure specifies that a party objecting to an exemption "has the burden of proving that the [exemption is] not properly claimed." In this case, Rule 4003(c), taken together with the statute as construed by the Indiana Supreme Court, requires that the *Trustee*, not the Debtor claiming the exemption, prove that the Debtor's claimed exemption is not needed in order to provide the debtor with the necessities of life. *See, In re Roger Allen Cross*, 255 B.R. 25 (Bankr.N.D.Ind.2000). The Court only notes this discrepancy between the procedural path established by *Foster* and restated in *Bannourah* and that dictated by Rule 4003(c) of the Federal Rules of Bankruptcy Procedure for purposes of clarification. The allocation of the burden of proof was not at issue in, nor would its misallocation have affected the outcome of, this case.

creditors.

Because the Debtor demonstrated[2] that her financial future is clouded by an enormous projected deficit, and she is without a retirement plan or funded pension, the Court finds that the entire aggregate amount of the life insurance policies are exempt because they are necessary to afford the Debtor with the necessities of life. Therefore, the **Trustee's Objection to Exemptions** is **DENIED**.

# # #

---

[2] See note 1, *supra.*